UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIO B. LONG, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-01289-MTS |
| MAUREEN W. GORNIK, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In accordance with 28 U.S.C. § 1915(b)(1), the Court assessed an initial partial filing fee upon Plaintiff in this matter. Doc. [8]. The Court ordered Plaintiff to pay the initial partial filing fee of $36.27 no later than Thursday, February 06, 2025. The Court expressly admonished Plaintiff that the failure to timely pay the initial partial filing fee would "result in the dismissal of this action without further notice." Doc. [8] at 1; *see also In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the Prison Litigation Reform Act, the failure to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey,* 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))).

Two weeks have passed since Plaintiff's deadline, but he still has failed to pay the fee.[*] Thus, Plaintiff has not only failed to pay the statutorily required initial partial filing fee, but he also has disregarded an Order of this Court. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (explaining a district court has the power "to dismiss an action for the plaintiff's failure to comply with any court order"); *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) (same).

---

[*] Plaintiff did not request additional time to pay the fee; nor did he attempt to demonstrate that he "has no assets and no means by which to pay the initial partial filing fee." *See* 28 U.S.C. § 1915(b)(4).

For these reasons, the Court will enter an Order of Dismissal herewith dismissing Plaintiff's action without prejudice.

Dated this 20th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE